AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

**LODGED**
CLERK, U.S. DISTRICT COURT
2/19/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI   DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
02/19/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KL   DEPUTY

United States of America

v.

ROGER DEAN JONES,

Defendant.

Case No. 2:25-mj-00848-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Casey R. Sauceda, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of August 4, 2024, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ (with email authorization)
Complainant's signature

Casey R. Sauceda, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 19, 2025

*Judge's signature*

City and state: Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
*Printed name and title*

AUSA: Lauren E. Border (213) 894-8231

**AFFIDAVIT**

I, Casey Sauceda, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against ROGER DEAN JONES, also known as "Jones Roger," "Phillip Bailey," "Dean Jones," "Ronald De Andre Jones," and "Ruger Dean Jones" ("defendant") charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER CASEY SAUCEDA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2021. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about August 4, 2024, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was in the custody of the Los Angeles Police Department. On or about the same day, the PERC referred JONES to the Criminal Alien Program Unit for further review. JONES is not currently in custody with LAPD.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about February 17, 2025, I obtained and reviewed DHS A-File 079-365-939 (the "DHS A-File"), which is maintained for the subject alien "ROGER JONES." The DHS A-File contained the following documents and information:

   a. Photographs of the subject alien to whom this specific DHS A-File corresponded. I compared the photographs in the DHS A-File to photographs taken at the time of defendant's booking into local law enforcement custody. I thus determined that this DHS A-File and its contents corresponded to this defendant.

   b. One executed Warrant of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the

United States on or about June 17, 2010.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

       c.   Various documents in addition to the above, which indicate that defendant is a native and citizen of Belize. These documents included an Order of the Immigration Judge, dated May 18, 2010, ordering defendant removed to Belize.

       d.   A certified conviction record showing that defendant was convicted on or about January 4, 2001, of Voluntary Manslaughter in the Superior Court of California, Los Angeles County, Case Number LA033012, for which defendant was sentenced to a total term of 13 years.

       e.   A certified conviction record showing that defendant was convicted on or about February 28, 2011, of Illegal Alien Found in the United States Following Deportation in the United States District Court Southern District of California, Case Number 10-CR-3818-IEG, for which defendant was sentenced to a total term of 27 months.

    7.   On or about February 17, 2025, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to

an individual's CII number.  The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

      8.   On or about February 17, 2025, I reviewed the printouts of ICE computer indices on defendant.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

      9.   Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

//

//

4

## IV. CONCLUSION

10.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a) Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 19th day of
February 2025.

_____
HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE