FILED
CLERK, U.S. DISTRICT COURT

MAR - 4 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MIKAELA WYNNE GILBERT-LURIE (Cal. Bar No. 337339)
Assistant United States Attorney
Domestic Security & Immigration Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5615
     Email:     mikaela.gilbert-lurie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-00848 |
|---|---|
| Plaintiff, | NOTICE OF INTENT TO SEEK 10-DAY TEMPORARY DETENTION BASED ON IMMIGRATION STATUS AND MEMORANDUM OF LAW RE: 18 U.S.C. § 3142(d) |
| v. | |
| ROGER DEAN JONES Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Mikaela Wynne Gilbert-Lurie, hereby files this notice of intent to seek 10-day temporary detention based on the defendant's immigration status and memorandum of law regarding 18 U.S.C. § 3142(d) in the above-entitled case.

//
//
//

This notice is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 4, 2025         Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

         /s/
MIKAELA WYNNE GILBERT-LURIE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The government submits this memorandum to provide an overview of the law regarding the Bail Reform Act's temporary detention provision, 18 U.S.C. § 3142(d). It also hereby provides notice that the government intends to seek temporary detention of the defendant in the above-captioned case if the Court does not order permanent detention pending trial. This delay will allow the government to discuss any bond order with immigration authorities, so immigration authorities can decide whether to begin removal proceedings or to allow defendant to be released from custody and remain unlawfully present in the United States on bond. For the reasons that will be explained at the upcoming detention hearing, defendant qualifies for temporary detention under 18 U.S.C. § 3142(d).

### II.    LEGAL STANDARD

####    A.    Text of 18 U.S.C. § 3142(d)

The Bail Reform Act (the "Act") generally permits a judicial officer to either permanently detain a defendant pending trial or to release the defendant with appropriate conditions. But the Act also provides judicial officers with a third option: "temporary detention to permit . . . deportation, or exclusion." 18 U.S.C. § 3142(d) (capitalized altered). Under § 3142(d), a judicial officer "shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays" if such person "is not a citizen of the United States or lawfully admitted for permanent residence" and "such person may flee or pose a danger to any other person or the community." Id. (emphasis added).

The judicial officer shall also "direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." Id.

## B.   Purpose of 18 U.S.C. § 3142(d)

Courts have recognized that § 3142(d) is "a notice provision designed to give other agencies an opportunity to take custody of a defendant before a [Bail Reform Act] release order is issued." United States v. Soriano Nunez, 928 F.3d 240, 246 (3d Cir. 2019). In cases such as this one, notice to immigration authorities of a judicial decision to release a defendant without legal status back into the United States is needed because "immigration authorities . . . have separate interests" than the United States Attorney's Office. United States v. Lett, 944 F.3d 467, 472 (2d Cir. 2019) (quoting Soriano Nunez, 928 F.3d at 246). "ICE's authority to facilitate an illegal alien's removal from the country does not disappear merely because the U.S. Marshal cannot detain him under the [Bail Reform Act] pending his criminal trial." United States v. Vasquez-Benitez, 919 F.3d 546, 553 (D.C. Cir. 2019). And, in certain cases, immigration authorities may decide -- and are independently authorized to decide -- to remove a defendant during the pendency of a criminal case rather than allow the defendant to remain in the United States. See Lett, 944 F.3d at 472-73.

Section 3142(d) ensures that immigration authorities, who operate separately and distinctly from criminal law enforcement officers, have sufficient time to decide whether to exercise their civil removal authority before a defendant is released under the Act and is potentially able to evade a civil arrest. See Soriano Nunez, 928 F.3d at 246 ("By providing these other agencies an opportunity to take custody of such persons, the [Bail Reform Act] effectively gives respect to pending cases and allows those officials to act before bail is set in the federal case."). Even in cases where immigration authorities are aware of the defendant's criminal arrest, or have referred the defendant for criminal prosecution, immigration authorities have the right to independently evaluate whether to take the person into administrative custody should the Court not detain defendant under § 3142(e). See Vasquez-Benitez, 919 F.3d at 552 ("Detention of a criminal defendant pending trial pursuant to the [Bail Reform Act] and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities."). The law does not require immigration authorities to make such an assessment in advance, because a judicial officer's determination to release someone on bond in a criminal case pursuant to § 3142 is new information that immigration authorities must consider in deciding whether to exercise their civil removal authority. Temporary detention under § 3142(d) thus provides immigration authorities with a 10-day period to make this evaluation.

Temporary detention also allows immigration authorities to avoid the danger inherent in re-arresting a criminal defendant that has been released on bond. See Washington v. Chrisman, 455 U.S. 1,

7 (1982) ("Every arrest must be presumed to present a risk of danger to the arresting officer. There is no way for an officer to predict reliably how a particular subject will react to arrest or the degree of the potential danger." (citation omitted)). As the Supreme Court has explained, the purpose of the Bail Reform Act is "to assure the safety of persons in the community and to protect against the risk of flight." United States v. Montalvo-Murillo, 495 U.S. 711, 719-20 (1990). That important purpose is advanced by the orderly transfer of individuals from criminal to civil custody.

The government is aware that some district court cases have concluded that § 3142(d) does not apply if immigration authorities are involved in the defendant's arrest, even when the plain text of the provision is satisfied. See United States v. Figueroa-Alvarez, 681 F. Supp. 3d 1131, 1136 n.3 (D. Idaho 2023); United States v. Villatoro-Ventura, 330 F. Supp. 3d 1118, 1135 (N.D. Iowa 2018). According to these decisions, "[w]here, as here, immigration authorities bring the defendant to the attention of federal prosecutors, and not the other way around, the temporary detention provisions of § 3142(d) do not apply." Figueroa-Alvarez, 681 F. Supp. 3d at 1136 n.3. And that is purportedly because there is no need to notify immigration authorities of a bond decision when "ICE is already aware of [the defendant]'s status as an illegal alien, as it was the entity that conveyed him to Marshal custody." Villatoro-Ventura, 330 F. Supp. 3d at 1135.

These decisions, however, are flatly inconsistent with the text of the Bail Reform Act. Under 18 U.S.C. § 3142(d), the Court "shall order the detention of [a] person" if two requirements are met: the person "is not a citizen of the United States or lawfully admitted

4

for permanent residence"; and "such person may flee or pose a danger to any other person or the community." This Court cannot, and should not read, a third requirement into § 3142(d) -- that immigration authorities not already be aware of the defendant's arrest. See United States v. Johnson, 680 F.3d 1140, 1144 (9th Cir. 2012) (declining to read element into criminal statute because "if the plain meaning of the statute is unambiguous, that meaning is controlling" (cleaned up)).

It is also incorrect that temporary detention serves no purpose if immigration authorities are already aware of the defendant's illegal presence. Again, "immigration authorities . . . have separate interests" than the United States Attorney's Office. Lett, 944 F.3d at 472. In a case such as this one, where a defendant with a serious criminal history is unlawfully present, immigration authorities may "exercise [their] judgment that the public interest in criminally prosecuting an alien is greater than the public interest in swiftly removing him." United States v. Santos Flores, 794 F.3d 1088, 1091 (9th Cir. 2015) (per curiam). But if immigration authorities learn that the Court plans to release the defendant while the criminal process plays out -- which could take years -- they may decide that immediate removal is now the more appropriate choice. Ultimately, 18 U.S.C. § 3142(d) ensures that immigration authorities have sufficient time to make that judgment before the defendant is released.

### III. BURDENS GOVERNING APPLICATION OF TEMPORARY DETENTION

To obtain 10 days of temporary detention, the judicial officer must find two things: (1) the defendant "is not a citizen of the United States or lawfully admitted for permanent residence"; and

5

(2) "such person may flee or pose a danger to any other person or the community." 18 U.S.C. § 3142(d); see also Santos Flores, 794 F.3d at 1090-91 (discussing standard). The Act provides that, if the temporary detention provision is invoked, the defendant -- not the government -- "has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence." 18 U.S.C. § 3142(d).

The government also has a reduced burden to show flight and/or danger. Section 3142(d) requires a finding only that the defendant "may flee or pose a danger to any other person or the community" (emphasis added). That is a much lower showing than is required to secure a detention hearing -- "a serious risk" of flight, 18 U.S.C. § 3142(f)(2) -- or permanently detain a defendant -- "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(e)(1). And courts must give effect to Congress's intentional choice to use different language, and require a much lower showing, in this section of the Bail Reform Act. See Lopez v. Sessions, 901 F.3d 1071, 1077-78 (9th Cir. 2018) ("Where Congress employs different language in related sections of a statute we presume these differences in language convey differences in meaning." (cleaned up)); United States v. Hernandez Cerrato, 2024 WL 1329296, at *2 (D. Md. Mar. 28, 2024) (applying this reasoning to different flight standards in the Act).

If the low standard for temporary detention is met, the judicial officer "shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays." 18 U.S.C. § 3142(d) (emphasis added). The government is

automatically entitled to the entire 10-day period to consult with immigration authorities, as Congress has recognized that 10 days is "the minimal time necessary for [immigration authorities] to take whatever action on the existing conditional release that official deems appropriate." S. Rep. 98-225, at 17 (1983) (legislative history of Bail Reform Act). Ultimately, "[t]he ten-day period is a limitation on the district court's authority to release a defendant pursuant to the [Bail Reform Act]." Lett, 944 F.3d at 472 (emphasis omitted); accord United States v. Barrera-Landa, 964 F.3d 912, 922 (10th Cir. 2020).

The government, however, always will attempt to quickly consult with immigration authorities. If immigration authorities make a final decision to forego removal proceedings, the government will notify the Court expeditiously. The defendant will then be subject to the other provisions of the Bail Reform Act, like any other criminal defendant. See Santos-Flores, 794 F.3d at 1091 ("If the immigration official does not take custody of the defendant during that ten-day period, Congress directs the court to treat the defendant in accordance with the other provisions of the Bail Reform Act[.]").

**IV. CONCLUSION**

For the reasons explained above, the government intends to invoke the Bail Reform Act's temporary detention provision under § 3142(d) if the Court does not order permanent detention under § 3142(e) in this case.

7